[No. 13435.   Department One. — February 25, 1890.]

CHRISTINA DE NOON, RESPONDENT, *v.* A. R. MORRISON ET AL., APPELLANTS.

83 163<br>f133 548

MINING CLAIMS — ANNUAL EXPENDITURE — CLAIMS HELD IN COMMON — QUESTION OF FACT. — The owner of two mining claims held in common has the right to do the annual work necessary for the protection of both claims on one of them; and the question whether the work was intended for the benefit of both claims, and tended to develop both of them, is one of fact, upon which the decision of the jury will not be disturbed, if there is any evidence tending to support the verdict.

ID. — EVIDENCE OF HOLDING IN COMMON — POSSESSION OF MINING CLAIM — PRESUMPTION OF TITLE. — The party making annual expenditure upon one of two claims held in common is not required to prove the location and record title of the claim upon which the work was done, if the title to such claim is not in dispute. It is sufficient to prove actual possession and improvement of such claim, from which the law presumes ownership.

INSTRUCTIONS ALREADY GIVEN IN SUBSTANCE. — It is not error to refuse an instruction when the court has already given instructions upon the same subject which are less confusing and more favorable to the party asking it than the one refused.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Thomas S. Ford,* for Appellants.

*Fred Searls,* and *Cross & Denson,* for Respondent.

Fox, J. — Action to recover the possession of the Gordon placer mine, in Nevada County. Trial by jury, verdict and judgment for plaintiff, motion for new trial made and denied, and defendants appeal from both the judgment and order.

One of the grounds of motion for new trial was that the evidence was insufficient to justify the verdict. This point is incidentally discussed on the appeal, but it is difficult to determine whether appellants still rely upon that ground or not. We have, however, examined the evidence, and find that there is some evidence to support the verdict upon every issue of fact involved in the case. Under the well-established rule of this court, the verdict will not therefore be disturbed on that ground.

Defendants claim the mining ground under a relocation authorized, as they claim, by a failure of plaintiff to do the required assessment work for the year 1888. No work was done within the lines of the Gordon claim in that year, but the plaintiff claimed to be the owner, and was in possession, of two or more adjoining mining claims, of which the Gordon was one. Of this claim she proved regular location and transfer to herself, and performance of the requisite assessment work down to and including the year 1887, and also, that the five hundred dollars of work necessary to procure a patent for the Gordon claim had been done prior to 1888. She also claimed to be the owner and was in possession of the Morton placer-mining claim, a claim adjoining the Gordon on the east. In 1888 she expended $306 in

running a tunnel on the Morton claim in close proximity
to the line of the Gordon. It was claimed that this
tunnel was run for the benefit of both mines, and proved
that it would tend to develop both. Defendants, how-
ever, claim that at the time the work was done its pur-
pose was to complete the work necessary to entitle the
plaintiff to a patent of the Morton, and not for the bene-
fit of the Gordon in any sense. That is a question of
fact submitted to the jury, and their verdict upon that
question will not be disturbed. As a matter of law, the
plaintiff had the right to do the work necessary for the
protection of both claims on one of them, both being
held by her in common. This question seems to be
settled by the decision of the supreme court of the
United States in *St. Louis Smelting Company* v. *Kemp*,
104 U. S. 654, 655, where the court, speaking through
Justice Field, says:—

"The statute of 1872 provides that on each claim sub-
sequently located, until a patent is issued for it, there
shall be annually expended in labor or improvements
one hundred dollars; and on all claims previously located,
an annual expenditure of ten dollars for each one hun-
dred feet in length along the vein; but where such claims
are 'held in common,' the expenditure may be made
upon any one claim. . . . . Labor and improvements
within the meaning of the statute are deemed to have
been had on a mining claim, whether it consists of one
location or several, when the labor is performed, or im-
provements are made, for its development; that is, to
facilitate the extraction of the metals it may contain;
though in fact such labor and improvements may be
on ground which originally constituted only one of the
locations, as in sinking a shaft, or be at a distance from
the claim itself, as where the labor is performed for the
turning of a stream, or the introduction of water, or
where the improvement consists in the construction of a
flume to carry off the *débris* or waste material."

But appellants claim that plaintiff is not entitled to have part of the expenditure made on the Morton in 1888 credited to the assessment work of the Gordon, for the reason that she did not prove that she was the owner of the Morton, and consequently there was a failure of proof to show that the two claims were " held in common." It is true that plaintiff did not attempt to prove the location and record title of the Morton claim. She was not called upon to do it. Her title to that claim was not in dispute. She did prove actual possession and improvement of the same. From that the law presumes that she was the owner. (Code Civ. Proc., sec. 1963, .subds. 11, 12.) Such, also, has been the uniform ruling of this court in a line of decisions running through and found in nearly every volume of the reports from the fourth to the present time. That presumption, of course, may be rebutted in a proper case, but in this case there was no attempt to rebut this presumption of law.

The case of *Jackson* v. *Roby*, 109 U. S. 444, cited by appellant, is not in point. There it was shown and held that the particular work claimed as development was not such, and was not of a character to develop the claim. None of the other cases cited by appellant are in conflict with the conclusion here reached.

It is also insisted by appellants that the court erred in refusing to give the fifth instruction asked by defendants. That instruction was to the effect that even if plaintiff had expended five hundred dollars in work on the Gordon claim prior to 1888 she was not, thereby excused from the necessity of doing the one hundred dollars of assessment work in 1888 to prevent the claim from being subject to relocation. It was not error to refuse this instruction, for the reason that the court had already instructed the jury, — 1. Of its own motion, that under the laws of Congress the party holding the claim must make an annual expenditure of one hundred dollars on each

claim, and . . . . "if you shall find that the plaintiff did
not make the expenditures on the Gordon claim in 1888,
your verdict will necessarily be for the defendants in this
case"; 2. At the request of defendants, "on each claim
located since May 10, 1872, not less than one hundred
dollars' worth of labor must be performed or improve-
ments made each year, and upon failure to do so the
claim is open to relocation in the same manner as if no
location was ever made." Either of these instructions
was less confusing and more favorable to defendants than
the one refused.

Judgment and order affirmed.

PATERSON, J., and WORKS, J., concurred.