[No. 13555.   In Bank. — June 17, 1892.]

ELLEN REDD, RESPONDENT, *v.* J. P. MURRY ET UX., APPELLANTS.

DEEDS — DESCRIPTION OF TOWN LOTS — CERTAINTY — REFERENCE TO PLAT — PAROL EVIDENCE — IDENTITY OF PLAT. — A deed of town lots which gives the dimensions of the boundaries thereof, and describes them by the numbers of the lots and block, referring to a plat thereof, is not upon its face void for uncertainty, though the description is not sufficiently certain without production, by one claiming under it, of the plat therein referred to, or of its contents; and parol evidence is admissible for the purpose of identifying a plat offered in evidence as the one referred to in the deed.

ID. — QUIETING TITLE — EVIDENCE — EXISTENCE OF MAP — PROOF OF IDENTITY — REFERENCES IN CHAIN OF TITLE — CONVEYANCES FROM DEFENDANT — ADMISSION. — In an action to quiet title to land, where the deed under which the plaintiff claims title was made by one of the defendants, and refers to a map for a description of the property, such deed is, as against that defendant and his co-defendant claiming under him by a subsequent conveyance, sufficient proof of the fact that there was such a plat in existence at the date of the deed to the plaintiff; and further evidence, tending to show that the property was in fact surveyed prior to the execution of any of such deeds, and that the defendant who was the grantor of the plaintiff had himself, some two years thereafter, produced the map offered in evidence as the plat of the tract, sufficiently identifies the map as the one mentioned in the deed, and entitles it to be admitted in evidence on behalf of the plaintiff.

ID. — MAP OF ADDITION TO TOWN — CERTAINTY — ABSENCE OF FIELD- NOTES OR DESIGNATION — REFERENCE TO NATURAL MONUMENTS — LOCATION OF LAND. — Where a map of an addition to a town, though unaccompanied by field-notes, and having no signs or letters to indicate the different points of the compass, or any express designation of it as the map of any particular place, yet shows upon its face streets and alleys, and blocks subdivided into lots, and the relative location of a country road and a river, naming many of the streets and numbering the blocks, it cannot be said, as a matter of law, that the map is upon its face void for uncertainty, or that it would be impossible to locate

upon the ground a block of land, described in a deed by number, and as bounded on one side by one of the streets named in the map.

ID. — IDENTITY OF BLOCK — EVIDENCE. — Whether a block of land referred to in a deed is capable of being identified by reference to a map of an addition to the town is a question of fact, upon which the evidence of persons acquainted with the town, and what is known as such addition thereto, and the different streets or other objects shown on the map, is admissible.

ID. — METES AND BOUNDS OF BLOCK — FINDING AGAINST EVIDENCE. — Where the plaintiff claims under a deed of town lots, which does not describe the lots by metes and bounds, but refers to them only as constituting a block designated on the map of an addition to the town, and though introducing and identifying the map, introduces no evidence showing that the land could be properly located and described by specific metes and bounds with the aid of the map, a finding and judgment that the plaintiff is the owner of land described by specific metes and bounds is against the evidence.

ID. — CONSTRUCTION OF PLEADINGS — ISSUES — DENIAL OF OWNERSHIP — FAILURE TO DENY SPECIFIC BOUNDARIES RECITED — PROOF OF BOUNDARIES. — Where the complaint in an action to quiet title, after alleging the plaintiff's ownership of the land as marked on a plat, proceeds by way of recital to state that the land is particularly described according to certain specific metes and bounds, and the answer, without joining special issue as to the boundaries, denies the ownership by the plaintiff of the land described in the complaint, or any part thereof, the fact is not thereby admitted that the land is correctly described by the metes and bounds specified in the complaint, but the plaintiff must prove that fact, and in the absence of any evidence to prove them, a judgment quieting the title to the land described by such specific boundaries will be reversed upon appeal.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Brown & Daggett,* and *Daggett & Adams,* for Appellants.

The description in the deed was so uncertain that the land sought to be conveyed could not be identified, and therefore the deed is void. (*Caldwell* v. *Center,* 30 Cal. 542; 89 Am. Dec. 131.)

*N. O. Bradley,* and *G. E. Lawrence,* for Respondent.

The description in the deed was sufficient, as the property could be identified with reasonable certainty, either with or without the aid of extrinsic evidence.

(*Stanley* v. *Green*, 12 Cal. 162; *Smiley* v. *Fries*, 104 Ill. 418.) The general rule in regard to the construction of the description of the premises in a deed is one of the utmost liberality. (*Peck* v. *Mallams*, 10 N. Y. 532; *Aguirre* v. *Alexander*, 58 Cal. 38.) The court will effectuate the lawful purpose of deeds and other instruments, if this can be done consistently with the principles and rules of law applicable. (*Edwards* v. *Bowden*, 99 N. C. 80; 6 Am. St. Rep. 487; *Nixon* v. *Porter*, 34 Miss. 697; 69 Am. Dec. 408; *Pursley* v. *Hays*, 22 Iowa, 11; 92 Am. Dec. 350; Code Civ. Proc., sec. 2077; *Penry* v. *Richards*, 52 Cal. 497. See *Colcord* v. *Alexander*, 67 Ill. 581.)

DE HAVEN, J. — Action to quiet title. The plaintiff recovered judgment in the superior court, and the defendants appeal. The plaintiff claims the land in controversy by virtue of a deed made to her by the defendant J. P. Murry, in June, 1871, in which the land conveyed to her is described as "situate, lying, and being in Porterville, county of Tulare, state of California, and bounded and particularly described as follows, to wit: on the north, two hundred and forty feet on Mill Street; on the east, one hundred and ten feet on a thirty-foot alley; on the south, two hundred and forty feet on an alley; on the west, one hundred and ten feet by a thirty-foot alley; and being all of lots Nos. one, two, three, and four, all of block No. eight, as per plat of Johnson & Murry's addition to the town of Porterville, Tulare County, California."

The defendant Martha Murry is the wife of plaintiff's grantor, and bases her claim to the land in dispute upon a deed made to her by her husband subsequently to the execution of the above-mentioned deed to plaintiff.

1. Plaintiff's deed is not upon its face void for uncertainty, as claimed by appellants, and parol evidence was properly admitted for the purpose of identifying the plat offered in evidence by her as the one referred to in such deed. It was incumbent upon plaintiff to produce, or in the event of its loss or destruction, give secondary

evidence of the contents of, the map referred to in her deed, as without such map there was no sufficient description of the land which the deed purported to convey (*Caldwell* v. *Center*, 30 Cal. 542; 89 Am. Dec. 131); and the court did not err in admitting in evidence the map offered by plaintiff, and claimed by her to be the one mentioned in such deed. It is true, no witness testified to having seen this particular map at any time prior to 1873, which was two years after the execution of plaintiff's deed, but still we think there was sufficient evidence before the court to justify it in finding that such plat was in existence at the date of that deed, and is the one to which reference is there made. The defendant J. P. Murry, in his deed to plaintiff, having described the land conveyed as block No. 8, as marked on the plat of Johnson & Murry's addition to the town of Porterville, such deed is, of itself, as against him and his co-defendant, who claims under him by a subsequent conveyance, sufficient proof of the fact that there was such a plat in existence when he made his deed to plaintiff. (*Patton* v. *Goldsborough*, 9 Serg. & R. 53.) There was also evidence given which tended to show that such an addition to the town of Porterville was in fact surveyed prior to 1871, and that defendant J. P. Murry himself produced this map some years afterwards as the plat of Johnson & Murry's addition to that town. We think these facts were amply sufficient to identify the map in question as the one mentioned in the deed, and entitled it to be admitted in evidence.

2. It is claimed by appellant that the map is upon its face void for uncertainty, and that it furnishes no starting-point or *data* from which a surveyor or any other person could locate the particular lots or block described in the deed, and that the court should have so held, as a matter of law, and excluded it as evidence. We do not think the court committed any error in overruling this objection of appellant. It is true that no field-notes accompanied it, nor are there upon it any signs or letters to indicate the different points of the compass or

any express designation of it as the map of any particular place. But there is shown upon its face streets and alleys, and blocks subdivided into lots, a county road and a river. Many of the streets are named, and the blocks are numbered, and it may be that persons acquainted with the locality of which it is claimed to be a map would at once recognize it as such. It certainly cannot be said, as a matter of law, that they could not, or that it would be impossible for one familiar with the town of Porterville and Johnson & Murry's addition thereto to locate upon the ground the block of land described in plaintiff's deed, with reference to the streets marked on this plat; and this being so, the map is not void upon its face. Whether the block in question is capable of being thus identified is a pure question of fact, and upon this point the oral evidence of persons who are acquainted with the town of Porterville, and what is known as Johnson & Murry's addition thereto, and with the different streets or other objects shown on the map, is admissible. If the land which plaintiff's deed purported to convey can be thus identified with the aid of the map referred to, the map is sufficiently definite, and the deed is not void for insufficiency in its description of the same.

3. The court found that plaintiff is the owner of block 8 of Johnson & Murry's addition to the town of Porterville, and that it is more particularly described as "commencing at a point on the south boundary line of Mill Street, in said town of Porterville, thirty feet east of the northeast corner of lot five, in block twenty, thence running easterly along said boundary line of Mill Street two hundred and forty feet; thence southerly at right angles one hundred and ten feet; thence westerly at right angles two hundred and forty feet; thence northerly one hundred and ten feet to the place of begining"; and thereupon entered a judgment quieting the title of plaintiff to the land thus described. The appellants contend that this finding is against the evidence, and it seems to us that in so far as it states that

plaintiff is the owner of the land therein particularly described by metes and bounds, this contention of appellants must be upheld. The evidence before the court would support a finding and judgment to the effect that plaintiff is the owner of block 8, as marked on the plat of Johnson & Murry's addition to the town of Porterville; but there is nothing in the record before us which tends in any degree to show that this block would fall within the specific metes and bounds mentioned in the findings and judgment of the court below. If the plaintiff desired that the judgment quieting her title to the land in controversy should give a more definite description of its boundaries than is contained in the deed under which she claims, she should have introduced evidence showing that the land, which is simply referred to in that deed as a block, could also be properly described by the specific metes and bounds given in the decree. It may be that this can be shown by witnesses who know its location; but in the absence of all evidence upon the point, the court was not justified in finding that the land which it describes in the decree by specific metes and bounds is the block 8 conveyed by plaintiff's deed.

4. The plaintiff contends, however, that under the pleadings the fact is admitted that block 8, of Johnson & Murry's addition to the town of Porterville, is also correctly described by the specific metes and bounds given in the judgment of the court, and that for this reason she was not required to prove the fact. We do not so construe the pleadings. The complaint, after alleging plaintiff's ownership of block 8, as marked on the plat of Johnson & Murry's addition to the town of Porterville, proceeds by way of recital to state that said block is particularly described according to certain specific metes and bounds, which are the same as those mentioned by the court below in its findings and judgment. The answer, without taking any special issue with the recital contained in the complaint as to the boundaries of the block claimed by plaintiff, simply

denies that plaintiff is the owner of the land described
in the complaint, or any part thereof. This was all
defendants were required to do in order to throw upon
plaintiff the burden of proving that she was the owner
of the land mentioned in the complaint. It was unne-
cessary to particularly traverse the recital in the com-
plaint as to the boundaries of the land claimed by
plaintiff. The material allegation of the complaint is
that which asserts plaintiff's *ownership* of the land de-
scribed, and when this alleged fact was put in issue, as
it was by the answer, the plaintiff was not entitled to a
decree quieting her title to such land, no matter how it
might be described, without proof that she had title to
it, and the production of a deed which only described
the land conveyed as a certain block, with reference to a
plat, did not itself, in connection with the plat which was
given in evidence upon the trial, show that such block
might also be just as correctly described by the specific
boundaries contained in the decree, and that therefore
the land within such specific boundaries was conveyed
by such deed.

Judgment reversed, and cause remanded for a new trial.

HARRISON, J., GAROUTTE, J., PATERSON, J., and BEATTY,
C. J., concurred.

SHARPSTEIN, J., dissented.

McFARLAND, J.—I dissent, and adhere to the former
opinion.

The following is the opinion above referred to by
Mr. Justice McFarland, rendered in Bank on the 12th of
September, 1890:—

The COURT.—This is a suit to quiet title to a parcel
of land described in the complaint as follows: "Situate
in the county of Tulare, state of California, described
as follows, to wit: On the north, two hundred and forty
feet on Mill Street; on the east, one hundred and ten
feet on a thirty-foot alley; on the south, two hundred

and forty feet on an alley; on the west, one hundred and ten feet by a thirty-foot alley; and being all of lots Nos. one, two, three, and four, all of block No. eight, as per plat of Johnson & Murry's addition of the town of Porterville; said land being described, with reference to plats of the town of Porterville now on file in the recorder's office of said Tulare County, as commencing at a point on the south boundary of Mill Street thirty feet east of the northeast corner of lot five, in block twenty, of the old town of Porterville; thence running easterly along said boundary line two hundred and forty feet; thence southerly at right angles one hundred and ten feet; thence westerly at right angles two hundred and forty feet; thence northerly to the point of beginning, — lying and being in the southwest quarter of section twenty-five, township twenty-one south, range twenty-seven east, M. D. M." The plaintiff had judgment in the superior court, and the defendants appeal.

1. The superior court did not err in overruling the demurrer to the complaint. The two descriptions of the land therein contained are not inconsistent with each other, and, together, are sufficient to identify the land by reference to the recorded plats of the town of Porterville, if there are such plats agreeing with each other and conforming to such description in the delineation of Mill Street, block 20, and the lots in question.

2. The court did not err in admitting in evidence plaintiff's deed, exhibit No. 1. The plaintiff in this action is the grantee of the defendant J. P. Murry. whose wife and co-defendant is his subsequent grantee, The deed, exhibit No. 1, offered in evidence by the plaintiff, was the defendants' deed of the premises in controversy, dated and acknowledged June 20, 1871, and containing the following description of the premises conveyed: "All those certain lots, pieces, or parcels of land situate, lying, and being in the town of Porterville, county of Tulare, state of California, and bounded and particularly described as follows, to wit: On the north, two hundred and forty (240) feet on Mill Street;

on the east, one hundred and ten (110) feet on a thirty (30) foot alley; on the south, two hundred and forty (240) feet on an alley; on the west, one hundred and ten (110) feet by a thirty (30) foot alley; and being all of lots Nos. one (1), two (2), three (3), and four (4), all of block No. eight (8), as per plat of Johnson & Murry's addition to the town of Porterville; being all of said block No. eight (8) in said addition to Porterville, Tulare County, California." The objection to this deed was, that it described nothing; but as counsel of-. fered to follow it up with a plat of Johnson & Murry's addition, the objection was properly overruled.

3. The court did not err in admitting the plat, exhibit No. 2. It is true that this plat contained nothing in itself by which it could be identified or located. But the defendant, by his deed of June 20, 1871, admitted that there was then existing a plat of Johnson & Murry's addition, and evidence was offered by the plaintiff that as early as 1873 the defendant had this plat, exhibit No. 2, on the ground, and that it was exhibited as the plat of Johnson & Murry's addition. It seems never to have been recorded, and there may be some doubt as to whether it is the same plat with reference to which the deed was made; but the evidence offered in connection with it was sufficient to authorize its admission in evidence. By his deed, the defendant admitted that there was a plat of Johnson & Murry's addition, and within two years of that admission he is shown to be in possession of this plat, and exhibiting it as the plat of the addition. As against him, and those claiming under him, and in favor of his grantee, this is certainly sufficient, *prima facie*, to identify the plat. If there was another and different plat to which the deed in fact referred, he was called upon to show it. He made no such attempt, but rested upon the denial that he had ever made the deed, or any plat. It was shown, however, that he had made a prior deed for other lots on Mill Street, and in the same addition; and the finding

of the court as to the genuineness and due execution of the deed is conclusive against him.

4. Most of the remaining objections relied on by appellants relate to the admission of oral testimony as to the actual location of the lots delineated on the plat, exhibit 2. This plat shows various things on its face, — streets and alleys; blocks subdivided into lots; a county road; Mill Street, Main Street, Water Street, and other streets; a river; plats marked as D. Murphey's land, J. P. Murry's land, Johnson & Keeney, etc. It is certainly not impossible that witnesses acquainted with these features of the town and vicinity of Porterville might locate the addition with reference to the main town of Porterville, and testimony for that purpose was clearly admissible. It was not necessary for the plaintiff to show that there had been an actual survey of the streets, lots, and blocks of the addition, and stakes set out on the ground. Her conveyance was of lots delineated on a plat; and if she could prove a plat showing lots and streets corresponding with the description in the deed, and other things by which, with the aid of oral testimony, the lots could be located on the ground, this was competent and sufficient as against her grantor. We find no error in the record.