[Civ. No. 2207.   Second Appellate District.—February 7, 1917.]

JOHN E. REDMOND, Respondent, v. DELLA McLEAN, Defendant and Appellant; D. C. WILSON et al., Defendants and Respondents.

QUIETING TITLE—PRIMA FACIE CASE—EVIDENCE.—In an action to quiet title to real property, the plaintiff makes out a *prima facie* case by uncontradicted evidence that at the time the action was commenced, and for a long time prior thereto, he had been in possession of the property under and by virtue of a deed conveying the property to him.

ID.—LOCATION AND DIMENSIONS OF PROPERTY—FINDING OUTSIDE OF ISSUES.—Where in such an action no issue as to the location of the boundary lines and dimensions of the property is tendered by the complaint, and there is nothing in the answer enlarging the scope of the complaint, the court is not warranted in making a finding which purports to locate the property upon the ground and fix the dimensions thereof, and the same should be disregarded as a finding not in issue or presented by the pleadings.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., and Alfred H. McAdoo, for Appellant.

Edward Dietrich, Dietrich & Kidder, and Smith, Miller & Phelps, for Respondents.

SHAW, J.—Action to quiet title, the complaint being in the usual form, and alleging that plaintiff was the owner and in possession of lot 31, block 2, of the Golden Bay Tract, as per map recorded in book 2, page 15, of maps, Los Angeles

County, California; that defendant, without right, claimed an estate or interest therein adverse to plaintiff. Defendant Della McLean, the appellant, answered denying that the plaintiff was the owner or in possession of the lot described in the complaint; and, as a further defense, asserted that she was the owner in fee simple of the easterly four feet of said lot 31, but asked no affirmative relief. At the trial, judgment went for plaintiff, from which and an order denying her motion for a new trial, defendant McLean appeals.

The sole question at issue upon the pleadings was whether plaintiff was at the time of commencing the action the owner and in possession of all or any part of the lot described in his complaint as lot 31, block 2, as delineated upon the map referred to. At the trial plaintiff, in support of his claim, testified that at the commencement of the action he was, and for a long time prior thereto had been, in possession of said lot 31, as delineated upon said map, under and by virtue of a deed whereby the grantors therein, describing the lot as in the complaint, conveyed the same to him. This evidence, uncontradicted, was sufficient as a *prima facie* showing to establish plaintiff's right as against defendant to a decree quieting his title to the lot so described. (*Davis* v. *Crump,* 162 Cal. 513, [123 Pac. 294] ; *De Noon* v. *Morrison,* 83 Cal. 163, [23 Pac. 374].) In opposition to the case so made by plaintiff, defendant conceded that plaintiff, under the deed, was in possession of all of said lot, except a strip of four feet on the easterly side thereof, which defendant claimed to be in possession of by virtue of an agreement fixing the boundary line between the lots. Aside from any conflict in the testimony touching the question of possession, the evidence offered by defendant was wholly insufficient to establish any agreement fixing the boundary line. While both parties had caused surveys to be made and the surveyors had agreed upon a line, there is no evidence that plaintiff ever acquiesced in the line so established by these surveyors. There is some meager evidence as to a fence, erected by somebody undisclosed by the record; but it is not made to appear that the fence was erected in accordance with any agreement between plaintiff and defendant, nor is it shown at what time the fence was erected; indeed, from aught that appears to the contrary, it may have been erected the day before the trial. Upon the state of the record here presented, the court was

fully justified in finding that plaintiff was at the time of the commencement of the trial in possession of the lot described in the complaint, and was the owner thereof and entitled to a decree quieting his title thereto.

Had the court contented itself with such finding and decreed in accordance therewith, no just cause for complaint would have existed. As stated, the action was one to quiet title. Notwithstanding this fact, the court, over objections of defendant that such question was not in issue, permitted evidence to be introduced under which it not only quieted plaintiff's title, but fixed the location of the boundary lines and dimension of the lot. No issue was tendered by the complaint under which, had defendant suffered default or filed a disclaimer, the court would be justified in making a decree establishing the size and boundary lines of the lot; nor is there anything in the answer that enlarged the scope of the complaint. Nevertheless, by its judgment, the court found and decreed that said lot so described in the complaint as lot 31, block 2, of the Golden Bay Tract, as delineated upon the map therein referred to, was located at a point "beginning at a point 460 feet east from the center line of an alley known as the Speedway on the southerly line of Ozone Street continuing thence along said southerly line of Ozone Street a distance of 30 feet east, continuing thence in a southerly direction to a point distant 490 feet from the center of said Speedway along the northerly line of an alley between Ozone and Rose Streets and continuing along said northerly line in a westerly direction a distance of 30 feet to a point distant 460 feet from the center line of aforesaid Speedway along the northerly line of said alley, thence in a northerly direction to a point in the southerly line of Ozone Street 460 feet from the center line of Speedway, being the point of beginning." Not only was the question of the dimensions and location of the lot not involved, but we are unable to find any evidence in the confused and jumbled record presented which sustains the finding of the court as to the location of the boundary lines of the lot.

That part of the finding which purports to locate the lot upon the ground and fix the dimensions thereof should be disregarded as a finding of fact not in issue or presented by the pleadings. Thus disregarded, that part of the decree herein quoted and following the language of said finding is

without support, and hence should be stricken from the decree.

The judgment is therefore modified by striking therefrom that portion commencing with the words "beginning at a point 460 feet," and ending with the words, "being the point of beginning." As thus modified, the judgment is affirmed, and hence no reason exists for granting appellant's motion for a new trial, and the order denying said motion is likewise affirmed; appellant to recover her costs on this appeal.

Conrey, P. J., and James, J., concurred.