[Civ. No. 3157.  Second Appellate District, Division Two.—March 10, 1920.]

JOHN F. KILFOIL, Respondent, v. JULIA P. WARDEN et al., Appellants.

[1] QUIETING TITLE—ESSENTIALS TO RECOVERY—EVIDENCE.—In an action to quiet title, the plaintiff must succeed only on the strength of his own title, and not on the weakness of his adversary; and when reliance is placed solely upon a paper title, the chain thereof must be from the original patentee or some grantor in possession.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Reversed.

The facts are stated in the opinion of the court.

J. Irving McKenna and Catherine A. McKenna for Appellants.

Joseph W. Mowell, Alex W. Davis and Kemp, Mitchell & Silberberg for Respondent.

THOMAS, J.—This is an action to quiet title.  The complaint is in the usual form.  The answer denies all the material allegations of the complaint, except that it is asserted that defendant Julia P. Warden "claims and asserts some right, title or interest in and to said property adverse to plaintiff, and denies that the same are without any right, and alleges that the defendant Julia P. Warden acquired said property under and by virtue of a conveyance from the city tax and license collector of the city of Los Angeles for a delinquent assessment for the improvement of Alhambra Avenue from the east boundary line of the city of Los Angeles to the southeasterly line of Mission Road and other streets, as will more fully appear in the attached copy of said conveyance and marked Exhibit 'A,' and by reference thereto made a part of this answer."  Defendants asked that the title be quieted in them.

On the trial, in addition to oral testimony, the plaintiff introduced in evidence a deed to the property in question, dated January 11, 1916, and recorded with the county recorder on January 21, 1916.  The grantor in this deed was

one Mary Myers, a widow, and the plaintiff here was the grantee. Plaintiff then introduced a certified copy of deed executed by G. A. Dobinson and Giacomo Tononi to said Mary Myers, which deed was dated August 1, 1888, and recorded August 16, 1888. Defendants offered no evidence at the close of plaintiff's case in chief, bue relied entirely on Exhibit "A," attached to their answer, and moved the court for a judgment on the following grounds: "We have set up our deed in full and have pleaded it, and no affidavit has been filed denying it; and on the face of the pleadings we have a *prima facie* case." The motion was denied, whereupon defendants rested. On rebuttal plaintiff introduced an affidavit of defendant C. D. Warden, as agent "of the owner of the certificate of sale referred to in the attached notice to redeem," showing the posting of the notice to redeem on the property, etc. In view of the record before us we think it unnecessary to quote such affidavit here. The court found in favor of the plaintiff and against defendants on all the issues, judgment was entered accordingly, and this appeal is taken therefrom.

Many points are urged by appellants, but under the circumstances we think it unnecessary to consider any of them. [1] Plaintiff must succeed only on the strength of his own title, and not on the weakness of his adversary. (*Di Nola* v. *Allison,* 143 Cal. 106, [101 Am. St. Rep. 84, 65 L. R. A. 419, 76 Pac. 976].) When reliance is placed solely upon a paper title, the chain thereof must be from the original patentee or some grantor in possession. (32 Cyc. 1331.) The plaintiff here has failed to furnish such proof. The deed offered in evidence by him, dated August 1, 1888, does not show how the grantors therein came to have anything to do with the property, and there is no evidence that they were in possession of the land so pretended to be conveyed by them at the time of the execution and delivery of such deed. Failing in these essentials, plaintiff must fail in this case. (*Winter* v. *McMillan,* 87 Cal. 256, [22 Am. St. Rep. 243, 25 Pac. 407]; *Martin* v. *Lloyd,* 94 Cal. 195, [29 Pac. 491]; *Redd* v. *Murry,* 95 Cal. 48, [24 Pac. 841, 30 Pac. 132]; *Heney* v. *Pesoli,* 109 Cal. 53 [111 Pac. 819]; *Di Nola* v. *Allison, supra; Williams* v. *San Pedro,* 153 Cal. 44, [94 Pac. 234].)

With the record before us it is legally impossible for this court to direct judgment for defendants.

Judgment reversed.

Finlayson, P. J., and Sloane, J., concurred.