[L. A. No. 8103. In Bank.—April 20, 1928.]

GEORGIA E. SCOTT, Respondent, v. S. BECK, Appellant.

McKenna & McKenna, Catherine A. McKenna, J. Irving McKenna, U. S. Webb, Attorney-General, and Frank L. Guerena, Deputy Attorney-General, for Appellant.

John L. Bisher, Jr., Clara Shortridge Foltz and Elliott H. Barrett for Respondent.

Emmet H. Wilson, John F. Poole and Benjamin Kirby, *Amici Curiae.*

WASTE, C. J.—Action to quiet title to lot 93 in tract number 909, situated in the city of Los Angeles. The state-

ment of the case, as here quoted, is taken from the decision of the first district court of appeal, division one, rendered prior to the order for hearing in this court, and is adopted as part of this decision.

"The complaint alleged title in the plaintiff with right to possession. The averments of the complaint were denied by defendant, who alleged title in himself through a tax deed from the state of California. Neither of the parties to the action was in actual possession of the lot, which was unimproved. Judgment was entered for the plaintiff, from which the defendant appeals on the ground that the evidence was insufficient to sustain the allegations of the complaint and the conclusion of the trial court that defendant had no title to the property.

"The plaintiff, in support of her complaint, introduced in evidence a deed dated October 16, 1911, executed by Clara G. Spring et al., which in terms transferred the tract mentioned to Lizzie J. Brent, a deed from the latter and her husband to Brent Investment Co., a corporation, conveying the same property, together with a deed from the corporation to plaintiff of the lot in question, the latter transfer being dated April 3, 1913. The testimony of an officer of the corporation sufficiently shows that Lizzie J. Brent was in actual possession of the entire tract, and that the corporation likewise was in possession at the time of the transfer to the plaintiff. This evidence was sufficient *prima facie* to establish ownership in the plaintiff. (*Holthoff* v. *Freudenthal,* 22 N. M. 377 [162 Pac. 173]; *Mitchell* v. *Titus,* 33 Colo. 385 [80 Pac. 1042]; *Rockey* v. *Vieux,* 179 Cal. 681 [178 Pac. 712]; *Bond* v. *Aickley,* 168 Cal. 161 [141 Pac. 1188]; *Kilfoil* v. *Warden,* 46 Cal. App. 502 [189 Pac. 303].)

"Defendant claims title as grantee under a tax deed dated August 4, 1919, executed by the tax collector of Los Angeles county. The deed recited that the lot described was duly assessed for taxation in the year 1913 to Lizzie J. Brent, and was thereafter, on the 3rd day of July, 1919, duly sold to S. Beck by W. O. Welch, tax collector of the county of Los Angeles, for nonpayment of delinquent taxes which had been legally levied in the year 1913 and were a lien thereon; further stating the total amount for which the same was sold, and that all taxes levied and assessed

against the property prior to the year 1919 had been paid and discharged. . . .

"It appears from the evidence that the lot was assessed to the plaintiff in the years 1916 to 1920, inclusive, and that the taxes levied thereon after the year 1913 to and including the first instalment of the year 1921 were paid by her, with the exception of the second instalment of 1919, which became delinquent, and the lot was again sold to the state in 1920. Defendant redeemed the property from the latter sale, and after the year 1920 the taxes levied thereon, with the exception of the first instalment of 1921, were paid by him. The proceedings leading to the sale to defendant on July 3, 1919, were conducted under the provisions of sections 3764 and 3771 of the Political Code as amended in 1913 (Stats. 1913, pp. 556, 557). In the addenda attached to the published tax list and notice of sale appeared the name of Lizzie J. Brent, the person to whom the lot which was therein described was assessed for the delinquent taxes of 1913. The name of the plaintiff, who was the record owner in the years 1918 and 1919 and to whom the property was last assessed next before the sale in question, did not appear in the list or in the notice mentioned above. Furthermore, it was not directly shown at the trial that the tax collector complied with the provisions of section 3771 of the Political Code by mailing a copy of the list or publication to the last known postoffice address of the plaintiff. It is contended by the plaintiff that it was essential to the validity of the published notice that her name, as the owner and the person to whom the property was last assessed next before the sale, be inserted therein, and that the evidence was insufficient to show a compliance with the statutory requirement of notice by mailing.

"It was provided by section 3764 of the Political Code (Stats. 1913, p. 556) that on or before the 5th day of June of each year the tax collector must publish the delinquent list, which must contain, among other things, 'the names of persons and a description of the property delinquent,' and that before its publication the tax collector and auditor should jointly arrange the list so as to designate in some particular manner the property contained in the list which was sold to the state five years previous under the provisions of section 3771 of the Political Code.

"It was provided by section 3771 of the Political Code (Stats. 1913, p. 557) that the property contained in the advertised list, as provided by section 3764 of the Political Code, which had not been redeemed from the previous sale to the state, be sold by the tax collector at public auction, and further that within five days after the first publication of the list the tax collector should mail a copy of the list or publication, postage prepaid thereon and registered, to the party to whom the land was last assessed next before such sale at his last known postoffice address. It was further provided by section 3785b of the Political Code (Stats. 1913, p. 558) that the tax collector should execute to the purchaser a deed to the property sold, this deed to contain certain recitals, those here material being as follows: That the property was duly assessed for taxation, the year assessed and the name of the person to whom assessed being stated, and was thereafter, on the date of the sale, duly sold by the tax collector to the grantee named for nonpayment of the delinquent taxes which had been legally levied in the year first mentioned, and were a lien on the property, no provision being made for a recital of the name of the owner or of the person to whom the property was last assessed next before the sale. It was also provided that no matters other than those stated in the section need be recited in the deed, which by subdivision 5 of section 3786 of the Political Code (Stats. 1911, p. 1102) was made primary evidence that 'at a proper time, and place the property was sold as prescribed by law, and by the proper officer.' "

It must be kept in mind that we are dealing with and speak of the law as it was in July, 1914, when the sale of this property was made to the state for delinquent taxes of 1913. That law follows through all proceedings dependent upon that sale. (*Biaggi* v. *Ramont,* 189 Cal. 675, 679 [209 Pac. 892].) The sale in the instant case does not purport to have been made under sections 3897 and 3898 of the Political Code, which deal with the sale of delinquent property after a deed thereof has been made to the state, and a subsequent sale made to a purchaser. This sale was made under the provisions of sections 3764, 3771, and 3785b, *supra,* which must be construed together, and which comprise a complete plan for the sale of property for non-

payment of taxes. While the rule appears to be different if a sale is made under sections 3897 and 3898, if the sale is made to a purchaser under sections 3771 and 3785b, no provision is made for a deed to the state. The tax collector is authorized to convey the property directly to the purchaser without the formality of making a deed to the state in the first instance. (*Jacoby* v. *Wolff*, 198 Cal. 667, 678, 682 [247 Pac. 195].) His deed is a pertinent and permissible piece of proof in support of the defendant's chain of title. (*Jacoby* v. *Wolff*, *supra*, p. 684 [247 Pac. 195]. See, also, *Bernhard* v. *Wall*, 184 Cal. 612, 623 [194 Pac. 1040].)

■ A description of the property in question was not included in the delinquent list for the year 1919, but did appear in the addenda list attached to the delinquent list and notice of sale. It could not properly appear in the delinquent list, for the tax for the previous year had been paid, and therefore was not delinquent. We are of the view that the publication was sufficient.

■ The respondent contends that the appellant has not established the validity of his title because he did not prove, or offer to prove, that notice was mailed to the party to whom the land was last assessed. The rule of law making the mailing of a copy of the delinquent list a jurisdictional prerequisite to the making of a valid tax deed by the tax collector has been limited by the more recent decisions of this court to cases where the last known postoffice address of the land owner was upon the assessment-roll from the date of the delinquent assessment down to the assessment last made before the sale. (*Jacoby* v. *Wolff*, *supra*, p. 681 [247 Pac. 195]; *Kehlet* v. *Bergman*, 162 Cal. 217, 218 [121 Pac. 918].) It was stipulated in the court below that the real property was assessed in the name of the respondent on the 1918 tax-roll, but it does not appear, by stipulation. or otherwise, that the address of the respondent also appeared on the roll. The record is also silent as to whether or not the address was known to the tax collector from any other source. The only evidence on the subject of notice was a question propounded to the respondent by her own counsel as to whether or not she had ever received "any notice from" the appellant "that he had purchased the property." It does not in any way appear that the required

notice was not mailed. The tax deed was *prima facie* evidence of the due publication of the delinquent notice and of the fact that a copy of the notice as published was mailed." (*Bell* v. *Brigance*, 74 Cal. App. 322, 327 [240 Pac. 50].) We are therefore unable to say that the deed was void for failure to mail notice. (See *Campbell* v. *Shafer*, 162 Cal. 206, 213 [121 Pac. 737].)

Respondent contends that the sale to appellant was void because made more than twenty-eight days from the time of the first publication of the notice. In the absence of a contrary showing we may assume that the sale commenced within the time required, not less than twenty-one days and not more than twenty-eight days after June 5th, the date of the first publication of the notice, and that the sale was continued from day to day until July 3d, when the property was sold to the highest bidder. (*Bell* v. *Brigance, supra.*)

The judgment is reversed.

Preston, J., Richards, J., Shenk, J., Seawell, J., Langdon, J., and Curtis, J., concurred.