[Civ. No. 852. Fourth Appellate District.—June 10, 1931.]

EDWIN W. SYME, Respondent, v. GRACE P. WARDEN et al., Appellants.

J. Everett Brown for Appellants.

Marshall Stimson and Noel Edwards for Respondent.

BARNARD, P. J.—This is an action to quiet title. The complaint was filed August 29, 1927, and is in the usual form, alleging title in the plaintiff. Grace P. Warden and her husband, C. P. Warden, filed an answer denying the allegations of the complaint as to ownership in the plaintiff, and alleging title in Grace P. Warden. C. M. Peterson filed a separate answer denying the allegations of the complaint as to title in the plaintiff, and alleging title in herself. The plaintiff introduced in evidence a deed to himself, covering the land in question, from Clara Smith as administratrix of the estate of Ada M. Petri, deceased, and reciting a consideration of $2,000. This deed was dated July 20, 1927, and was recorded on October 8, 1927. The plaintiff also introduced in evidence the return of sale, with various exhibits, and the order confirming the sale in the proceedings in the estate of Ada M. Petri, upon which the administratrix's deed was based. It appears from these documents that Ada M. Petri died intestate on July 6, 1913, leaving as a part of her estate the property here in question. The plaintiff also introduced in evidence a lease of the property from himself to one Edward A. Delight, dated August 26, 1927, which recited the payment by the tenant of the first month's rent. The lessee testified

that he was in possession of the land and had occupied it in accordance with the terms of the lease. There is also evidence that shortly before this lease was entered into, plaintiff fenced the lot on all four sides with steel posts and five strands of wire. Prior to the erection of this fence the land was vacant. The defendant introduced in evidence a deed covering this property dated April 22, 1924, purporting to convey the property from the tax collector of the city of Hermosa Beach to Julia P. Warden. It is conceded that this deed was based upon foreclosure proceedings under a street lighting assessment which had been allowed to go delinquent. The lighting assessment proceedings were under the terms of an act for the "acquisition of public utilities" enacted in 1913 and found in chapter 247 of Statutes of 1913, page 421. There is also in evidence a deed from Julia P. Warden to Grace P. Warden dated November 10, 1926. There was also introduced in evidence a deed from the city treasurer of Hermosa Beach to C. M. Peterson following delinquent payment on a bond. This bond was issued June 3, 1924, under the provisions of the Bond Improvement Act of 1893, and amendments thereto. This deed was dated August 14, 1926. In rebuttal, plaintiff introduced the original records of the city of Hermosa Beach, setting forth in detail the proceedings upon which the two deeds from the city treasurer were based. The court found that the plaintiff was the owner and in possession of the premises described in the complaint, and that the two above-mentioned deeds from the city treasurer of Hermosa Beach were void; that the defendant Grace P. Warden or her predecessors in interest had paid to the city treasurer $8.03 on April 20, 1923, and that the total amount now due her was $13.17; and that the defendant C. M. Peterson had paid the sum of $101.65 on July 1, 1925, and that the total amount due her was $140.58. The court found that the plaintiff was entitled to a judgment quieting his title, upon the condition that he pay into court for the benefit of these parties, these respective amounts. A judgment was entered reciting that these amounts had been paid into court, and quieting title to the property in the plaintiff. From this judgment this appeal is taken.

Appellants' attack upon the decision of the court is confined to the question of the respondent's title. Upon the principle that a plaintiff in a quiet-title action must recover on the strength of his own title and not on the weakness of that of his adversary, it is contended that the respondent failed to establish any title from a paramount source, and that, with only the proof of a deed from the estate of a deceased person, with no showing that this estate was in possession, or that it had any title to convey, he cannot prevail. It is also insisted that since the respondent failed to establish any title from a paramount source, the court erred in admitting evidence of his possession of the property, and also erred in admitting any evidence attacking the validity of the deeds from the treasurer of Hermosa Beach, under which the appellants claim title.

Appellants base their entire case upon the proposition that the respondent failed to show title in himself. They rely upon the following cases: *Winter* v. *McMillan*, 87 Cal. 256 [22 Am. St. Rep. 243, 25 Pac. 407]; *Reed* v. *Murry*, 95 Cal. 48 [24 Pac. 841, 30 Pac. 132]; *Heney* v. *Pesoli*, 109 Cal. 53 [41 Pac. 819]; *Williams* v. *City of San Pedro etc. Co.*, 153 Cal. 44 [94 Pac. 234]; *Castro* v. *Adams*, 153 Cal. 382 [95 Pac. 1027]; *Kilfoil* v. *Warden*, 46 Cal. App. 502 [189 Pac. 303]; *Biaggi* v. *Mainero*, 60 Cal. App. 608 [213 Pac. 541]. Without reviewing these cases, it may be said that they do not support the contention here made. Ordinarily a plaintiff in a quiet-title action must rely on the strength of his own title and not upon the weakness of his opponent's case. On the other hand, it is only necessary for him to make out a *prima facie* case in order to put the defendant upon his proof (*Davis* v. *Crump*, 162 Cal. 513 [123 Pac. 294]). It is only necessary for a plaintiff to go back to the patentee when he is relying exclusively upon a paper title and is not in possession (*Kilfoil* v. *Warden, supra; Saner* v. *Knight*, 86 Cal. App. 347 [260 Pac. 942, 945]). In *Saner* v. *Knight*, the court said: " . . . cross-complainant has clearly established that he and his predecessors have been for many years last past, and that at the time of the filing of the plaintiff's complaint and at the time of the trial he was, in the actual and exclusive possession of the land in controversy, and as against the plaintiff, who was never in possession,

nor ever had a record title to said land, and is a stranger to the title, she cannot complain of the judgment, for, as held in *Davis* v. *Crump*, 162 Cal. 513 [123 Pac. 294], as against an entire stranger to the title, actual possession of lands has uniformly been held in actions to quiet title to make out a *prima facie* case of ownership and sufficient to support a judgment.''

In *Davis* v. *Crump, supra*, the court said: ''Learned counsel for defendants claim, as we have already indicated, that proof of actual possession is not sufficient to make out a *prima facie* case of ownership in an action to quiet title, and especially under such allegations of title as we have in the complaint before us. The contrary is thoroughly established by the decisions in this state. We have already shown that under such allegations as are presented, the plaintiff was entitled to prove ownership by any evidence competent for that purpose. It is declared by our statutory law to be presumed 'that things which a person possesses are owned by him,' and 'that a person is the owner of property from exercising acts of ownership over it'. (Code Civ. Proc., sec. 1963, subds. 11 and 12.) The provisions are in accord with the settled law everywhere, and while such presumptions are disputable and may be controverted by other evidence, they afford full and sufficient evidence of ownership of land unless controverted (Code Civ. Proc., sec. 1961]). As against an entire stranger to the title, actual possession of land has uniformly been held, both in ejectment and actions to quiet title, to make out a *prima facie* case, sufficient to sustain a conclusion of ownership.''

Appellants argue that since section 1006 of the Civil Code was amended in 1915 in such a manner as to provide that title conferred by occupancy shall not be a sufficient interest in real property to enable the occupant to maintain an action to quiet title, the case of *Davis* v. *Crump* has no application to the facts before us. ■ If occupancy alone is no longer sufficient to enable such an action to be maintained, no reason appears why such occupancy, together with a deed from a previous owner who has held the record title for many years, is not sufficient under the general rules applying in such cases. While possession alone may not permit the action to be maintained, that fact is still some evidence of ownership under the other code sections.

■ In this case, the recorded deed from the estate of Ada M. Petri is such an additional fact as will remove the case from the portion of section 1006 of the Civil Code, which has been referred to and such a deed, with evidence of possession, is sufficient to enable the plaintiff to maintain the action. Since the respondent is not relying on a paper title alone, under the decisions it was unnecessary for him to trace his title back to the patentee. In our opinion, respondent made out such a *prima facie* case as put the appellants upon proof of their own claims to the property. Under such circumstances the court correctly admitted into evidence the facts and documents tending to show the validity or invalidity of the deeds upon which appellants rely (*Pearson* v. *Hellman Commercial etc. Bank,* 199 Cal. 305 [249 Pac. 10]).

■ A further consideration is that the rule is well established that where both parties claim under a common source of title, a plaintiff in a quiet-title action need not prove title in his grantor (*McGorray* v. *Robinson,* 135 Cal. 312 [67 Pac. 279]; *Phillips* v. *Menotti,* 167 Cal. 328 [139 Pac. 796]; *Thiele* v. *Security Trust & Sav. Bank,* 202 Cal. 758 [262 Pac. 308]; *Cohn* v. *Klien,* 209 Cal. 421 [287 Pac. 459]). ■ The evidence here shows that Ada M. Petri died in 1913 and that the property in question was a part of the estate left by her. This property was sold to the respondent in the course of probating her estate. The appellants claim under two deeds which are based upon sales under assessments which became delinquent during the time the probate proceedings were pending. A tax deed conveys only such interest as the taxpayer has in the land (*Dorn* v. *Baker,* 96 Cal. 206 [31 Pac. 37]). Appellants claim to have acquired the interest of the estate of Ada M. Petri in this property through these assessment sales. If these two deeds are valid and if appellants have any interest in the land, it is through the fact that they have by operation of law acquired the interest of the estate of Ada M. Petri in the property. Appellants are therefore claiming title through the same source as does the respondent. Under such circumstances it was unnecessary for the respondent to trace his title back to a paramount source, under the cases cited.

We think the proof of the respondent's title is sufficient to sustain the judgment (*Redmond* v. *McLean,* 32 Cal. App. 729 [164 Pac. 15]; *Pearson* v. *Hellman Commercial etc. Bank, supra; Scott* v. *Beck,* 204 Cal. 78 [266 Pac. 951]; *Hindle* v. *Warden,* 50 Cal. App. 356 [195 Pac. 428, 430]). In *Redmond* v. *McLean,* the court said: "At the trial plaintiff, in support of his claim, testified that at the commencement of the action he was, and for a long time prior thereto had been, in possession of said lot 31, as delineated upon said map, under and by virtue of a deed whereby the grantors therein, describing the lot as in the complaint, conveyed the same to him. This evidence, uncontradicted, was sufficient as a *prima facie* showing to establish plaintiff's right as against defendant to a decree quieting his title to the lot so described."

In *Pearson* v. *Hellman Commercial etc. Bank, supra,* the opinion states: "It is a disputable presumption 'that a person is the owner of property from exercising acts of ownership over it'. (Code Civ. Proc., sec. 1963, subd. 12.) By selling and conveying the property to her, plaintiff's grantors exercised acts of ownership 'of the highest character,—viz., the absolute disposition thereof by sale'. (*Bickerdike* v. *State,* 144 Cal. 698, 701 [78 Pac. 277].)"

In *Hindle* v. *Warden, supra,* where the plaintiff relied upon a deed and possession, and the defendant claimed under a deed based upon a sale of the property following a delinquent assessment, the court said: "Plaintiff made out a *prima facie* case of ownership. He put in evidence a deed to himself from John A. Rennebeck and wife, dated August 5, 1913. He offered no proof of title in his grantors, and, therefore, did not present any direct evidence of paper title from the paramount source of title. He did, however, testify that he has been in actual possession of the property at all times since he received the deed thereto on August 5, 1913. Such possession was *prima facie* evidence of his ownership of the lot and of his right to a decree quieting his title. It is the settled law of the state that possession is *prima facie* evidence of ownership. And while such presumption is disputable and may be controverted by other evidence, it affords full and sufficient evidence of ownership of land, unless it be successfully controverted. (*Davis* v. *Crump,* 162 Cal. 518 [123 Pac. 294].)"

In the case before us the court found that the respective deeds under which appellants claim, were void. This finding is in no way attacked except through the claim that the court erred in admitting any evidence affecting the validity of those deeds, this contention being based entirely upon the claim that respondent had failed to prove his own title. In the absence of any contention that the evidence is not sufficient to sustain the finding of the trial court that these deeds are void, it is unnecessary for us to consider the evidence upon that point, and it will be assumed that the court's finding in that regard is correct.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.