## BABCOCK v. DANGERFIELD et al.

No. 6138.   Decided October 17, 1939.   (94 P. 2d 862.)

*Cyrus G. Gatrell,* of Salt Lake City, for appellant.

*Robinson & Robinson,* of Provo, for respondents.

PER CURIAM.

Appellant commenced an action in the district court to quiet title to certain property alleging that he "is now and ever since the year 1916 has been, the owner and entitled to the possession" of said property. The complaint further alleged that "defendants claim some right, title, interest or estate therein, adverse to plaintiff"; that said claims are without merit; and that defendants have no right whatever in the property described. Appellant then prayed that "defendants be required to set forth the nature of their claims"; that it be decreed that defendants have no right, title or interest in the premises or any part thereof; that the title of the appellant be determined to be good and valid.

Respondents J. W. Dangerfield and Alice Dangerfield answered and admitted that they claimed an interest in the property but denied the other allegations of the complaint. They prayed that the complaint be dismissed without asking for any affirmative relief.

When the case came on for trial appellant made proper application for a jury trial on the theory that the action was one in law. The trial court, however, refused to grant

a jury trial. Appellant assigns as error the trial court's refusal. It is clear from the pleadings in this case that the action is one at law and therefore that a jury trial should have been granted. *Bolognese* v. *Anderson,* 97 Utah 136, 90 P. 2d 275. See also *Norback* v. *Board of Directors,* 84 Utah 506, 37 P. 2d 339.

At the trial appellant introduced evidence showing a complete chain of title from United States government down to himself, the conveyance to appellant being in 1916. Evidence was also introduced showing that since 1916 the premises had been rented to various individuals, including the defendant Bertha Dangerfield, who made no appearance in the action. The evidence further showed that rent had been paid by Bertha Dangerfield to appellant down to April 29, 1937; that subsequent thereto Bertha Dangerfield had refused to pay any more rent on the ground that appellant no longer owned the premises, he having failed to pay taxes thereon. On cross-examination it was brought out by respondents' counsel, over the objection of appellant's counsel, that appellant had not paid any taxes on the premises since 1930. Appellant's wife later testified that she had made some payment of taxes since that time although it was not shown when nor in what amount. Appellant also testified that he had not conveyed the property to anyone.

Upon the evidence thus presented respondents moved for a nonsuit on the ground that from the evidence it was clear that appellant did not have title to the property; that inasmuch as taxes had not been paid by appellant since 1930 it was evident that title would be in the county or some third person. The motion for nonsuit was granted and judgment entered dismissing the cause with prejudice. The appellant assigns as error the granting by the trial court of the motion for nonsuit and also the dismissing of the cause with prejudice as to all the defendants.

The court was in error in granting the motion for a nonsuit on the evidence before it. While it is true that in an action to quiet title the plaintiff must succeed by virtue of

the strength of his own title rather than the weakness of defendant's title, nevertheless all the plaintiff need do is to prove prima facie that he has title which, if not overcome by defendant, is sufficient. *Flinn* v. *Blakeman*, 254 Ky. 416, 71 S. W. 2d 961; *Hindle* v. *Warden*, 50 Cal. App. 356, 195 P. 428; *Syme* v. *Warden*, 114 Cal. App. 707, 300 P. 863; *Borden* v. *Town of Westport*, 112 Conn. 152, 151 A. 512; *Owens* v. *Betts*, 219 Ala. 604, 122 So. 811. In *Syme* v. *Warden*, supra, the court held [114 Cal. App. 707, 300 P. 864]:

"* * * Ordinarily, a plaintiff in a quiet title action must rely on the strength of his own title and not upon the weakness of his opponent's case. On the other hand, it is only necessary for him to make out a prima facie case in order to put the defendant upon his proof. *Davis* v. *Crump*, 162 Cal. 513, 123 P. 294. It is only necessary for a plaintiff to go back to the patentee when he is relying exclusively upon a paper title and is not in possession. *Kilfoil* v. *Warden*, supra [46 Cal. App. 502, 189 P. 303]".

In *Borden* v. *Town of Westport*, supra, the court stated [112 Conn. 152, 151 A. 517]:

"In the complaint the plaintiff alleged that he had a title in fee simple to the premises in question. He assumed the burden of establishing that. Upon prima facie proof by him, the burden of showing the contrary rested upon the defendants."

Appellant in this case introduced sufficient evidence to show that record title was in himself, in the absence of affirmative proof to the contrary. *Redmond* v. *McLean*, 32 Cal. App. 729, 164 P. 15; *Hindle* v. *Warden*, supra; *McPhail* v. *Nunes*, 48 Cal. App. 383, 192 P. 95; *Scott* v. *Beck*, 204 Cal. 78, 266 P. 951; *Syme* v. *Warden*, supra. In *McPhail* v. *Nunes*, supra, the plaintiff submitted proof of a complete chain of title from the patentee to himself. This was held to establish a prima facie title conclusive against defendants whose tax deed was void and who were not in possession of the premises.

In *Redmond* v. *McLean,* supra, the court stated [32 Cal. App. 729, 164 P. 16]:

"At the trial plaintiff, in support of his claim, testified that at the commencement of the action he was, and for a long time prior thereto had been, in possession of said lot 31, as delineated upon said map, under and by virtue of a deed whereby the grantors therein, describing the lot as in the complaint, conveyed the same to him. This evidence, uncontradicted, was sufficient as a prima facie showing to establish plaintiff's right as against defendant to a decree quieting his title to the lot so described."

In the present case the appellant proved a chain of title from the patentee to himself. It having been proved that title was vested in plaintiff, such condition would be presumed to exist until the contrary be shown. *Eltzroth* v. *Ryan,* 89 Cal. 135, 26 P. 647; *Parsons* v. *Weis,* 144 Cal. 410, 77 P. 1007, 1011. In the latter case the court held:

"* * * In support thereof it was shown at the trial that on June 5, 1888, the plaintiff became vested with the title to the land described in her complaint, and that she had never sold or conveyed or otherwise disposed of it. The presumption that she continued to remain the owner supported the allegation of ownership in her complaint, and, in the absence of any other evidence, imposed upon Weis the necessity of controverting this evidence, or showing that her title had been transferred to him."

The respondents moved for a nonsuit on the ground that the evidence showed that title was in the county or some third person because of appellant's failure to pay the taxes. But this contention is not sound. The mere fact that taxes are not paid is not sufficient to show defect in title. There may have been no valid assessment or levy of a tax. Or taxes, if levied, might have been paid by another. It is necessary for one who relies on a tax title to prove it. Therefore if respondents wished to contest appellant's prima facie title successfully they should have introduced evidence of an outstanding tax title, if any, in them, the validity of which could have then been determined.

It was not necessary for appellant to negative the existence of any outstanding tax title in respondents. Where plaintiff proves prima facie title in himself it is not necessary for him to prove that he has not parted with it. *Eltzroth* v. *Ryan,* supra.

Since it does not appear that any of the questions raised by appellant's other assignments of error will arise on retrial of the cause, no disposition need be made of them.

The judgment of the district court is therefore reversed and the cause remanded with instructions to grant appellant a new trial and to proceed in accordance with the views herein expressed.

Costs to appellant.