[Civ. No. 3029.   Fourth Dist.   Apr. 27, 1942.]

L. R. BILLINGS et al., Respondents, v. JESUS DELGADO et al., Defendants; ROSE GRAY, Appellant.

A. Peter Ohanneson and Ernest H. Tuttle for Appellant.

H. E. Schmidt for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal from a decree quieting respondent's title to certain lots in the city of Delano, in Kern County. Respondents filed an action to quiet title against appellant and other defendants, and appellant filed an answer asserting title to said lots by virtue of a tax deed from the state under section 3897 of the Political Code. The other defendants did not contest the action.

There is no dispute as to the factual situation, which may be summarized as follows: Jesus Delgado was the record owner of the lots in controversy. County taxes assessed for the years 1928 to 1935 inclusive were not paid, and the property was deeded to the state and thereafter at a tax sale under section 3897 of the Political Code appellant purchased the property and received a deed in October, 1937, which deed was recorded in June, 1939. For delinquency in city taxes assessed for the fiscal year 1933-1934, the city of Delano sold said lots to respondents, and the tax collector of said city executed a deed to respondents on April 5, 1940.

Respondents base their claim upon the deed from the tax collector of the city of Delano, and appellant bases her claim on the deed from the tax collector of Kern County. No question is raised as to the regularity of either tax sale.

In the case of *Woodill & Hulse Elec. Co.* v. *Young,* 180 Cal. 667 [182 Pac. 422, 5 A. L. R. 1296], our Supreme Court said at page 669:

"In spite of this conflict, however, we believe that the underlying principles, by whose application the question must be decided, are clear and lead with certainty to the conclusion that in liens of this character, imposed on property—that is, on a thing itself regardless of ownership—by public authority for a public purpose, the one last imposed is paramount.

"No question is made but that this is the well-established rule as to liens for general taxes. It is so held almost universally and has been so decided in this state. (*Anderson* v. *Rider,* 46 Cal. 134, 138; *Dougherty* v. *Henarie,* 47 Cal. 9, 14; *Chandler* v. *Dunn,* 50 Cal. 15; *California etc. Co.* v. *Weis,* 118 Cal. 489 [50 Pac. 697].) The reason for it is concisely stated in *Dougherty* v. *Henarie, supra,* thus: 'The necessity of collecting revenue for the support of the government imperative-

ly requires that the lien for taxes shall take precedence over all other liens; and that a tax sale, followed by a proper conveyance, shall transfer the title discharged of prior tax liens. If the rule were otherwise, purchasers at tax sales would be deterred from bidding, and a large portion of the revenue would remain uncollected.' ''

Appellant contends that the deed received by her under section 3897 conveyed title to her free and clear of all liens, taxes, etc. levied or assessed against the property, which were due at the time of such sale, and appellant cites section 3897; subdivision 7 of the Political Code, as amended in 1935 (Stats. 1935, ch. 396, p. 1440), which subdivision reads as follows:

''A deed given by the tax collector upon a sale made as in this section provided shall convey title to the purchaser free and clear of all liens, taxes, assessments or encumbrances of any kind or character whatsoever levied or assessed or liened on the property which are due at the time of such sale so conveyed prior to the date of such sale, and, except as against actual fraud, such deed duly acknowledged shall be prima facie evidence of the regularity of all proceedings from the assessment of the assessor to and including the execution of such deed.''

Whatever may be the effect of the 1935 amendment upon sales made thereunder of property which was sold to the state after said amendment became effective, it would not apply to the sale made in this case by the state to appellant, because the property here in controversy was sold to the state in 1929 for the delinquent state and county taxes of 1928, and in that year section 3897 did not contain subdivision 7 as above set forth, or any similar provision. The law in force at the time of a sale of real property made to the state for delinquent taxes applies and follows through all the proceedings dependent upon that sale.

In the case of *Scott* v. *Beck*, 204 Cal. 78 [266 Pac. 951], the court said, at page 82:

''It must be kept in mind that we are dealing with and speak of the law as it was in July, 1914, when the sale of this property was made to the state for delinquent taxes of 1913. That law follows through all proceedings dependent upon that sale. (*Biaggi* v. *Ramont*, 189 Cal. 675 [209 Pac. 892].)''

Furthermore, the property here involved was deeded to the

state under sections 3785, 3785b, 3786 and 3787 of the Political Code, and under the provisions of section 3787, said deed was subject to taxes levied by a municipality.

We believe, therefore, that the trial court correctly concluded that the title of respondents under the deed from the tax collector of the city of Delano was superior to the title of appellant under the prior sale made under section 3897.

Appellant makes the further contention that she was entitled to judgment because after her demurrer to respondents' original complaint was sustained, respondents filed an amended complaint which was identical with the original complaint. The record does not show the original complaint but it does show that appellant's demurrer to the amended complaint was overruled and that appellant filed an answer thereto. Appellant does not point out wherein the amended complaint failed to state a cause of action or is barred by the statute. As the original complaint is not in the record, we cannot determine the alleged similarity of the two pleadings. Therefore, this argument made by appellant is not supported by the record and need not be considered, if we should assume without holding, that there might be merit in the contention if the record contained both pleadings.

In view of the foregoing, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.