[Civ. No. 6407. First Appellate District, Division Two.—December 24, 1928.]

N. COCKING, Appellant, v. MARGARET FULWIDER et al., Respondents.

Charles M. Mannon for Appellant.

Keith C. Eversole for Respondents.

NOURSE, J.—Plaintiff sued to quiet title to a parcel of land containing approximately 0.83 of an acre situated in Mendocino County. For a second cause of action he sought an injunction to restrain defendants from removing a fence which he proposed to construct inclosing the parcel of land

in dispute. . He was denied relief upon both causes of action and has appealed upon a typewritten record.

The controversy arose over the obliteration of the original section corner of sections 7–8–17 and 18, which was marked by a wooden stake erected at the time of the survey in 1873. The evidence is that this corner post had rotted away many years ago, but that the corner had been recognized by the location of certain witness trees mentioned in the surveyor's field-notes; that, in the year 1888, the adjoining property owners agreed upon the common boundary line with reference to these witness trees; that, for more than thirty years prior to the commencement of this action, the parties hereto and their predecessors in interest had acquiesced in this boundary line; that, for the greater portion of this period, a fence had been maintained on this boundary line and the land had been claimed and cultivated by the adjoining owners on each side of this fence; that, in the year 1906, when one of the witnesses came into possession of the land now owned by defendants herein, this boundary line was marked by ''an old rail fence''; that this witness was in possession of the property in dispute for six years, during which time he maintained the fence along this line; that, some time thereafter, a new and substantial fence was erected on the same line which remained at the time of the trial; that, for more than eight years prior to the commencement of the action, the defendants' predecessors planted eighty-five fruit trees on the parcel in dispute which the defendants maintained and cultivated during their entire possession.

The reason for the controversy between the parties is that, in the year 1917, a new survey was made of the section lines and, the surveyor in charge being unable to find the government corner of sections 7 and 18, re-established this corner at a point where he estimated it should have been in relation to other known corners. This point was about forty-six feet south of the fenced boundary line theretofore recognized by the adjoining owners, but, because of the survey, the plaintiff claimed that he was entitled to the strip of land lying north of this boundary line as indicated by a line drawn from the newly established corner.

The defendants pleaded adverse possession, statute of limitations, laches, and an agreed boundary line, and

the trial court found for the defendants on all their separate pleas. It expressly found that plaintiff had not been seised or possessed of the land in dispute since 1890, and that for more than thirty years had failed to assert any claim to it. As stated by appellant, the trial court also impliedly found that the true southern boundary of section 7 is the northern boundary of the land in dispute inasmuch as it was stipulated that the plaintiff was the owner of all the southeast quarter of the southeast quarter of section 7, and that defendants were the owners of all the east quarter of the northeast quarter of section 18, between which the disputed boundary line ran.

This is sufficient in itself to support the judgment, because the evidence offered to prove this disputed fact is conflicting and sufficient evidence was offered by the respondents to support a direct finding in their favor. The appellant called a surveyor as his witness, who testified that he did not find the government monument and that he, therefore, "re-established" this corner by the proportional method of subdivision—by an arbitrary mathematical division of known lines and distances. He, however, testified that, when he followed the government field-notes of this particular survey, he came to a point approximately where the boundary fence stood. The surveyor called by the respondents testified that he followed the government field-notes strictly, found the witness trees designated and, in projecting his line along the boundary fence, came to the original monument at the westerly corner of sections 7 and 18 exactly eighty chains distant, as called for in the original survey. Some of the sections in this township are of irregular size, and it is conceded that errors occurred in the original survey. The difference between the witnesses called by the respective parties is that the one sought to re-establish the corner at the point where he believed it should have been, while the other endeavored to place it at the point where it was actually established in the original survey. Upon the evidence we are satisfied that the trial court properly denied appellant the relief sought.

In addition to this, the finding that appellant was not in possession for more than thirty years is a bar to this action under the provisions of section 318 of the Code of Civil Procedure, which provides that no such action shall

be maintained unless the plaintiff, or his predecessors, have been seised or possessed of the property within five years before the commencement of the action. The evidence was that the respondents and their predecessors were in undisputed actual possession of the land for more than thirty years and that appellant had not made any claim of right or possession during that period except the ineffectual attempt to fence the property immediately prior to the commencement of the suit. The purpose of the code section is to prevent the prosecution of stale demands such as we have here, and for this purpose it limits the remedy of the plaintiff, even though all the elements necessary to establish adverse possession on defendant's part are not present. This distinction is emphasized in *Akley* v. *Bassett*, 189 Cal. 625, 647 [209 Pac. 576], and the rule of that case supports the conclusion of the trial court that appellant may not maintain his action.

Upon the second cause of action it, of course, follows that, as appellant is not entitled to possession of the premises, he may not have an injunction to enable him to inclose it. The other points raised on the appeal have all been considered, but we do not dwell upon them here, as the judgment must be affirmed for the reasons given.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurreu.

A petition for a rehearing of this cause was denied by the district court of appeal on January 23, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1929.

All the Justices concurred.