[Sac. No. 5077.   In Bank.—August 27, 1937.]

EMMA COFFIN, Respondent, v. ODD FELLOWS HALL ASSOCIATION OF MODESTO (a Corporation), Appellant.

Dennett & Zion for Appellant.

Cleary & Zeff for Respondent.

EDMONDS, J.—This litigation arose over the conflicting claims of the parties to the use of a stairway in a commercial building and to a strip of land upon which a portion of the building stands. The trial court rendered a judgment in favor of plaintiff, which in addition to quieting her title to the land, gave her other relief in connection therewith, including a share of certain amounts found to have been col-

lected by the defendant as rental. The appeal is prosecuted from this judgment.

It is alleged in the complaint that on and prior to December 1, 1900, William Coffin and James Berry each owned an undivided one-half interest in the real property described as the 49½ feet of the west end of three lots situated in the city of Modesto; that on said date William Coffin conveyed his interest in the property to the respondent; that on January 7, 1903, and prior thereto Susan Berry was the owner of an undivided one-half interest in the same property as the successor of James Berry; that on January 7, 1903, the respondent conveyed to Susan Berry a certain portion of the land having a street frontage of 22½ feet and a depth of 75 feet, "reserving the right of way to pass over the hall leading to and from the stairway and toilet on the second floor", and Susan Berry conveyed to respondent a portion of the property having a street frontage of 23 feet and the same depth, with the reservation of the same right in this hall; and that subsequently the interest of Susan Berry "in all of said property" was conveyed to the appellant.

The property alleged to have been originally owned by William Coffin and James Berry fronts on H Street and has a depth of 75 feet. The portion conveyed to respondent by Susan Berry is the westerly 23 feet of the property. The 22½ feet adjoining on the east is the land conveyed by respondent to Susan Berry and to which the appellant has succeeded. Next to the east is a four-foot strip, which with the portions now owned by the appellant and respondent comprise the original 49½-foot parcel. The principal controversy between the parties concerns the title to this small piece of land.

The complaint alleges that in 1884 a two-story brick building was erected upon the 49½-foot parcel and other land adjoining it on the east; that in the portion of the building standing upon the land in dispute there is a stairway leading to the second floor; that as the building was originally constructed a hall led from the top of this stairway to a room having plumbing fixtures and also to that portion of the building situated on the land conveyed to respondent by deed from Susan Berry. By further allegations it is charged that the appellant has deprived the respondent of the use of any portion of the building upon the four-foot strip of

land except the stairway and the hall extending to the portion of the building owned by her. Respondent also complains that the plumbing fixtures on the second floor were removed by the appellant. The prayer of the complaint is that the respondent "recover possession of her undivided one-half interest in the premises described" and also certain amounts as damages for her alleged exclusion from the property and other amounts as her share of the rental collected by the appellant therefrom.

By its answer the appellant denies that the four-foot piece of land was owned jointly by Susan Berry and Emma Coffin and alleges ownership and possession of the land by itself and its predecessors in interest during all times mentioned in the complaint. It also alleges that the plumbing fixtures were not used for five years prior to the commencement of the action and that they were condemned by the health authorities of the city of Modesto. A denial that it has refused respondent the right to use the stairway or the hall extending to the westerly part of the building is also pleaded.

In response to these issues the court found that from the first day of December, 1900, the date of the deed to her from William Coffin, the respondent has been the owner of an undivided one-half interest in the easterly four feet of the property. It also found that the stairway is five feet in width and that the respondent "by virtue of a prescriptive right established by more than twenty years continual use" is entitled to an easement over one foot of the stairway which stands on land owned by the appellant which adjoins the easterly boundary of the 49½ foot parcel. The findings then recite "that at all times up to the acquisition by the defendant [appellant] of the Berry interest" in the property originally comprising 49½ feet, Mrs. Berry and the respondent had used the stairway in common; that they were each the record owners of an undivided one-half interest therein and that respondent and Mrs. Berry and her successors had also utilized in common the facilities in the plumbing room at the top of the stairway. It is then found that in 1930 the appellant without the consent of the respondent tore out the plumbing fixtures and enclosed the hall which had theretofore given access to the plumbing facilities, depriving the respondent of the use of that portion of the building, and that she has been damaged thereby in certain amounts spe-

cifically stated. There is also a finding that respondent is entitled to the use of the hallway on the second floor extending from the head of the stairway westerly.

These findings are challenged by the appellant as having no support in the evidence. In particular, the appellant contends that the respondent did not prove any title in her to the four-foot parcel of land. It also asserts that no exclusive use of the stairway was shown.

█ Plaintiff in an action to quiet title may only prevail upon the strength of her own title. Under this rule the respondent had the burden of proving the title which she claims to own, and to establish it she offered in evidence a number of deeds and the report of a title company. The first of these deeds was made by J. B. Coldwell to William Coffin and conveys an undivided one-half interest in and to the 49½-foot parcel of land. Another deed is from William Coffin to the respondent. It conveyed the same property with the reservation of a life estate. By this deed, the court found the respondent received the title which she asserts in this action. However, there is nothing in the record to show the source of title of J. B. Coldwell and there is no evidence that William Coffin ever was in possession of the property.

█ Where both parties to an action to quiet title do not claim through a common grantor, a plaintiff who relies upon the paper or record title must trace it either to the government or to a predecessor shown to have been in possession at the time of the conveyance made by him. (*San Diego Improvement Co.* v. *Brodie,* 215 Cal. 97 [8 Pac. (2d) 1027]; *Scott* v. *Beck,* 204 Cal. 78 [266 Pac. 951].) The record here shows neither title deraigned from the government or any common grantor of the parties. On the contrary the evidence offered by the respondent shows that any title to the four-foot strip of land which the appellant has acquired by conveyance came to it from the heirs of James Berry, deceased. What title James Berry had or how he acquired it does not appear and there is no showing that William Coffin was ever in possession of the property. There is also in the evidence offered by the respondent some proof that either J. H. Hays or John C. James owned a portion of the land fronting on H street and including the disputed four-foot strip some years prior to the deed made by J. B. Coldwell to William Coffin. The record, therefore, not only fails to measure up to that

required of the respondent, but affirmatively shows some title to the four-foot strip of land in others than the respondent's grantor with no explanation of how he succeeded to it, if in fact he did so.

The finding that the respondent is entitled to the use of the hallway on the second floor which extends westerly across the part of the building standing upon the land conveyed to Susan Berry by her, depends entirely upon the reservation made in that deed. But the respondent has shown no title in herself to the land described in the deed at the time it was executed, consequently there is no support for the finding. Neither can the finding that respondent is entitled to an easement over the one-foot portion of the stairway which is on land lying easterly of the four-foot strip be upheld as it is entirely outside the issues made by the pleadings.

The respondent having failed to prove title, the judgment must be reversed.

It is so ordered.

Curtis, J., Nourse, J., *pro tem.*, Seawell, J., and Waste, C. J., concurred.

Rehearing denied.