[No. A036191. First Dist., Div. Two. Sept. 22, 1988.]

DONALD R. TOBIN, Plaintiff and Respondent, v.
THOMAS W. STEVENS, Defendant and Appellant.

COUNSEL

Thomas W. Stevens, in pro. per., for Defendant and Appellant.

David K. Replogle for Plaintiff and Respondent.

OPINION

BENSON, J.—In this action we are asked to determine whether an owner of record title to real property can prevail in a quiet title and ejectment action against a defendant who claims he has been in possession of the property for more than 10 years but who cannot establish title to the property by adverse possession because he failed to pay any taxes assessed against the property. We find that he can and affirm the judgment.

Plaintiff Donald R. Tobin filed this action against defendant Thomas W. Stevens on August 21, 1985. Judgment in favor of plaintiff was entered after the trial court granted his motion for summary judgment.

In his cause of action to quiet title, plaintiff alleges he is the sole owner of fee simple title to real property located in the City and County of San Francisco at 1889 Oak Street. As a basis for his title, he alleges a grant deed from C. Ernest Bjorklund to plaintiff dated June 21, 1985, which was recorded in the official records of the City and County of San Francisco on July 3, 1985. Plaintiff further alleges he "was seised of the above-described property within five years of the commencement of the action" and that defendant claims to hold title to the property as an adverse possessor.

In his answer to the complaint, defendant admits he claims to hold title to and possession of the property as an adverse possessor for a period of 15 years and admits he has paid none of the property taxes assessed against the property.

Plaintiff's motion for summary judgment was based upon four undisputed facts: that he was the record owner of the property; that the defendant claimed title by adverse possession; that defendant had paid no taxes on the property; and that defendant was the only person, other than plaintiff, making a claim to possession or title to the property. In support of his motion, plaintiff presented a preliminary title report showing record title in Bjorklund's name, certified copies of recorded grant deeds showing a chain of title in his predecessors in interest going back to 1958 and a grant deed from Bjorklund to plaintiff.

In his opposition to the summary judgment motion, defendant disputed plaintiff's evidence of title on the ground that there was no showing Bjorklund was in actual possession of the property at any time during the preceding 15 years. Defendant also argued Bjorklund's deed to plaintiff might be a forgery since Bjorklund's signature on the deed did not match exemplars of his signature and the circumstances of the transaction gave rise to an inference of fraud. This latter argument was not supported by evidence but was the basis for a motion to continue the hearing on the summary judgment motion which we shall discuss later. Defendant also disputed the assertion that he claimed title only by adverse possession. He relied on Civil Code section 1006 to claim the right to possession against all but the true owner of the property. Defendant admitted that he had paid no taxes on the property and that he was the only person, other than plaintiff, claiming a right in the property.

On appeal, defendant contends it was error for the trial court to grant summary judgment in plaintiff's favor where there were triable issues of fact as to whether plaintiff or plaintiff's predecessors had been seised or possessed of the property at any time within five years prior to commencement of the action. Defendant relies on the statute of limitations contained in

Code of Civil Procedure section 318.[1] He argues the trial court was bound by the holding of this division of this court in *Cocking* v. *Fulwider* (1928) 95 Cal.App. 745, 747 [273 P. 142]. He acknowledges the holding in *Schoenfeld* v. *Pritzker* (1967) 257 Cal.App.2d 117 [64 Cal.Rptr. 592], which is critical of *Cocking* and which he considers incorrect. He asserts that *Schoenfeld,* a Fifth District case, is not binding on the trial court.

■ Defendant's argument is based upon his apparent misunderstanding of the word "seisin" as used in section 318. He contends that seisin means actual possession of the property. He is incorrect. This argument was rejected in *McKelvey* v. *Rodriguez* (1943) 57 Cal.App.2d 214, 223 [134 P.2d 870], where the court observed: "Appellants state that according to the complaint respondents had not been seised of the property since 1923. However, respondents as the owners of the legal title to the property met the requirement of seisin or possession as section 318, *supra,* is construed. 'The requirement of seisin or possession is met when it is established that the plaintiff was possessed of legal title, and this seisin can be destroyed only by establishing the fact that a title by adverse possession was acquired by the defendant.' (16 Cal.Jur. 434, sec. 43; *Westphal* v. *Arnoux,* 51 Cal.App. 532, 534 [197 P. 395]; sec. 321, Code Civ. Proc.)"

To support his position defendant relies on the following statement made in *Cocking:* "[T]he finding that appellant was not in possession for more than thirty years is a bar to this action under the provisions of section 318 of the Code of Civil Procedure, which provides that no such action shall be maintained unless the plaintiff, or his predecessors, have been seised or possessed of the property within five years before commencement of the action." (*Cocking* v. *Fulwider, supra,* 95 Cal.App. 745, 747-748.)

The language quoted immediately above was criticized in *Schoenfeld* v. *Pritzker, supra,* 257 Cal.App.2d 117, 120, as resting upon a "very narrow interpretation of the expression 'seised or possessed' as used in [section 318]." (Italics omitted.) The *Schoenfeld* court quoted criticism of *Cocking* contained in a law review comment at 17 Cal. L. Rev. (1929) 390, 393-394. (*Ibid.*) In our opinion this criticism of *Cocking* is unwarranted when the cited language is read in the factual and legal context of the case which spawned it.

The *Cocking* case involved a boundary dispute between two owners of adjoining land. Cocking sued to quiet title to .83 acres at the southern

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Section 318 provides: "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seised or possessed of the property in question, within five years before the commencement of the action."

boundary of his property. The original section corner had been marked by a wooden stake erected in 1873. This stake eventually rotted away causing confusion as to the boundary line of the properties. In 1888, the parties' predecessors agreed to a common boundary line between the two pieces of property. For more than 30 years, the parties and their predecessors acquiesced in this boundary line. For much of the time the agreed boundary was marked by a fence. Fulwider's predecessors planted 85 fruit trees on the parcel in dispute. For more than eight years before the action was commenced, Fulwider maintained and cultivated these trees.

In 1917, a new survey was made and the boundary line was reestablished 46 feet south of the fenced boundary line. Cocking's quiet title action was based upon this new boundary survey which would have added property from Fulwider's side of the fence to Cocking's property. The trial court found in favor of Fulwider on the expressed grounds that Cocking "had not been seised or possessed of the land in dispute since 1890, and that for more than thirty years had failed to assert any claim to it." (*Cocking* v. *Fulwider, supra,* 95 Cal.App. at p. 747.) On appeal, Cocking conceded that, in effect, the trial court found that the true boundary of the property was that established along the fence line, a finding that meant Fulwider was entitled to the disputed portion. The Court of Appeal upheld this determination on the grounds there was sufficient evidence in the record to support it and conflicting evidence had been presented by experts at trial as to the true location of the boundary. The court then added the additional finding first quoted above which is relied on by plaintiff.

■ Under the facts of the *Cocking,* we consider the criticized finding to be correct. *Cocking* differs from the action before us in that it was a boundary dispute. In an action involving a boundary dispute, a court may imply an agreement as to the boundary by the acquiescence of all the parties in the chain of title for a long period of time. The doctrine of acquiescence will be applied where there is uncertainty as to the true boundary and the parties have acquiesced in an identifiable boundary for a period equal to the statute of limitations. This agreed upon boundary becomes the true boundary regardless of the accuracy of the agreed location. (3 Miller & Starr (1977) Current Law of California Real Estate, § 21.27, pp. 552-559.) "The payment of taxes is not material to the establishment of an 'agreed boundary' line since each coterminous owner is deemed to have paid taxes according to his deed." (*Id.* at § 21.28, p. 559.)

Once the court in *Cocking* found the boundary line to be that line agreed upon by the parties, in effect it found that record title to the disputed property was held by Fulwider. Thus, Cocking was neither in possession of nor had he held record title to the disputed property for the five-year period

prior to the commencement of the action. On that basis the court found the action barred by the statute of limitations contained in section 318.

The holding in *Cocking* does not conflict with the decision in *Schoenfeld* v. *Pritzker, supra,* 257 Cal.App.2d 117, 123. In *Schoenfeld,* the adjoining landowners were not uncertain as to the location of the boundary line between the two properties and they did not enter into any agreement fixing the boundary. Schoenfeld held record title to the property, although Pritzker had used the land to raise annual crops without any objection by Schoenfeld. Pritzker had paid no taxes on the disputed parcel. Pritzker defended on the grounds the action was barred by the statute of limitations contained in section 318 since Schoenfeld had not been in actual possession of the property within five years of commencement of the action. The court held the action was not barred because Schoenfeld held record title to the parcel during the five years prior to commencement of the action and Pritzker could not establish adverse possession since he had failed to pay taxes on the property. The court found that a party holding record title fulfills the requirement of section 318 that a party must show "seisin or possession" within five years of commencement of the action.

The holdings in *Cocking* and *Schoenfeld* are compatible; they reach different results based upon the different factual situations presented rather than a disagreement over legal principles. In the case before us, the trial court correctly relied upon the holding in *Schoenfeld* in granting summary judgment because plaintiff proved he held record title to the property.

■ Next, defendant asserts it was error for the trial court to grant summary judgment since plaintiff failed to offer evidence to establish a prima facie case in that he failed to trace his title back to a grantor in possession of the property at the time of conveyance. He relies on statements to this effect in *Ernie* v. *Trinity Lutheran Church* (1959) 51 Cal.2d 702 [336 P.2d 525], *San Diego Improvement Co.* v. *Brodie* (1932) 215 Cal. 97, 100 [8 P.2d 1027], and *Kilfoil* v. *Warden* (1920) 46 Cal.App. 502, 503 [189 P. 303]. In neither *Kilfoil* nor *San Diego Improvement Co.* was the defendant relying on adverse possession as the basis of ownership. In *Ernie,* defendant did not rely solely on adverse possession but rather claimed adverse possession or, in the alternative, title by agreed boundary; the case was decided on the latter ground.

In *Kilfoil* both plaintiff and defendant asserted paper title. In *San Diego Improvement Co.* and *Ernie* defendants left open the option to claim paper title at trial. In *San Diego Improvement Co.,* the defendant "filed an answer in the form of a general denial and did not set up an affirmative claim of title in themselves." (*San Diego Improvement Co.* v. *Brodie, supra,* 215 Cal. 97,

99.) In *Ernie,* the defendant also denied plaintiff's ownership and asserted ownership in itself of the strip of land between the parties' adjoining property. (*Ernie* v. *Trinity Lutheran Church, supra,* 51 Cal.2d 702, 704.) "A denial of the allegation of ownership or right to possession allows the defendant in an ejectment or quiet title suit to offer any evidence which tends to defeat the plaintiff's claim." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1002, p. 424.) Thus, defendants in *San Diego Improvement Co.* and *Ernie* were not precluded by their answers from claiming paper title to the property and the rule asserted by defendant that a plaintiff who relies solely on paper title must, in order to establish a prima facie case, trace his title back to the government, a common grantor or a grantor in possession of the property was applicable in both of those cases. But that is not the case here where defendant relies on adverse possession as the basis of ownership. We have not been cited to any case, nor have we found any case, in which the rule defendant asserts has been applied where the defendant asserts ownership based solely on title by adverse possession. Furthermore, defendant in this action did not deny plaintiff was the owner of the property. Defendant's answer states he denies plaintiff is the *sole* owner of the property. Defendant also did not deny Bjorklund had held title to the property. His answer merely denies Bjorklund had title to convey on June 21, 1985.

Under the facts of this case, defendant's argument is without merit. "A plaintiff who relies on paper title alone (*i.e.,* who is not in possession) must, *when the defendant also asserts paper title,* trace title back to one of four sources: the government, a grantor in possession, a grantor common to plaintiff and defendant, or a grantor who had obtained a judgment quieting title." (Cal. Real Property Remedies Practice (Cont.Ed.Bar 1982) § 7.49, p. 245; italics added.)

Here, defendant did not submit any evidence in opposition to the motion for summary judgment to controvert the certified, recorded deeds in the chain of title introduced by plaintiff. Instead, defendant took the position that the claims of plaintiff and Bjorklund are barred by the statute of limitations in section 318 and that defendant had acquired title to the property from Bjorklund by adverse possession.

■ In support of the motion for summary judgment, plaintiff also produced copies of two verified complaints filed by defendant against Bjorklund seeking to quiet title to the property on the basis of adverse possession. In order to assert title to the property by adverse possession, defendant must assert he acquired a new title by disseizin of Bjorklund. "The new title thus acquired by the disseizor must of necessity correspond with that on which the disseizin operated, as he could not acquire by disseizin a greater estate than that held by the disseizee." (*Williams* v. *Sutton* (1872) 43 Cal.

65, 73.) "The requirement of 'hostility' [in a claim of adverse possession] means, not that the parties must have a dispute as to the title during the period of possession, but that the *claimant's possession must be adverse to the record owner, . . ."* (*Sorensen* v. *Costa* (1948) 32 Cal.2d 453, 459; italics added.) One who seeks to establish title to property by adverse possession must, of necessity, admit that title to the property resides in the person against whom he makes the claim or else his claim must fail. The rule cited by defendant does not apply where, as here, plaintiff asserts paper title and defendant asserts adverse possession. By showing transfer of title from Bjorklund to himself, plaintiff presented a prima facie case entitling him to relief and the burden shifted to defendant to establish adverse possession. This he could not do since he conceded he had not paid taxes.

■■ It is also the rule that once plaintiff has shown legal title, it is presumed that defendant's occupation of the property is in subordination to plaintiff's title. Section 321 provides: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title, for five years before the commencement of the action." Thus, once plaintiff established legal title, the burden shifted to defendant to show adverse possession. Defendant admitted he failed to pay taxes, foreclosing his ability to prove adverse possession. (§ 325.)

Defendant also asserts it was error for the trial court to deny his application to continue the motion for summary judgment for 90 days to allow him time to attempt to locate Bjorklund. Defendant stated in his declaration and application for continuance that he sought time to obtain telephone records of plaintiff to determine the telephone number where Bjorklund could be found and that he wanted to obtain exemplars of Bjorklund's signature to have them examined by an examiner of questioned documents to determine if the signature on the grant deed conveying title to plaintiff had been forged.

Defendant, however, failed to raise the issue that the signature of Bjorklund was a forgery in his answer to the complaint. Instead, defendant denied Bjorklund had possession of the property at any time since 1969 and on that basis, denied Bjorklund had title to convey to plaintiff. Defendant admitted a purported grant deed from Bjorklund to plaintiff had been recorded in the official records of the City and County of San Francisco. ■ A party seeking summary judgment need only negate the existence of triable issues of fact on the issues raised by the pleadings. (*Nazar* v. *Rodeffer*

(1986) 184 Cal.App.3d 546, 553 [229 Cal.Rptr. 209].) The trial court did not abuse its discretion in denying the application to continue the hearing on the motion since the evidence defendant sought was not relevant to an issue before the court.

The judgment is affirmed.

Kline, P. J., and McCarty, J.,* concurred.

Appellant's petition for review by the Supreme Court was denied December 15, 1988.

---

* Assigned by the Chairperson of the Judicial Council.