Filed 3/7/13  Knox v. Associated Investments CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN MICHAEL KNOX,<br><br>    Plaintiff, Cross-defendant and<br>Appellant,<br><br>v.<br><br>ASSOCIATED INVESTMENTS et al.,<br><br>    Defendants and Respondents,<br><br>ROBERT MOORE,<br><br>    Defendant, Cross-complainant and<br>Respondent. | 2d Civil No. B238123<br>(Super. Ct. No. 1382793)<br>(Santa Barbara County) |

John Michael Knox appeals from a judgment dismissing his complaint for adverse possession and quieting title to the subject property in favor of respondent Robert Moore, as the principal of respondent Associated Investments.  Knox's admitted failure to pay the property taxes defeats his claim for adverse possession, and he has no other demonstrable claim to the property.  We affirm.

FACTS AND PROCEDURAL BACKGROUND

Angel Kostov and Moore, a real estate broker, formed a business partnership known as Associated Investments.  In 1980, Associated Investments took title to a single-family residence located at 1111 Via Chaparral, Santa Barbara, California

(Property).  Kostov later withdrew from Associated Investments and Moore's wife assumed Kostov's partnership interest.  After his wife's death in 2006, Moore continued doing business as Associated Investments.

Under circumstances that are far from clear, Knox and his family moved into the Property in 2002, purportedly for "a short time, probably less than 60 days."  Knox did not sign a lease or pay any rent.  Moore claims he occasionally asked Knox to pay rent or move out, but Knox rebuffed these requests, saying he would "work it off" through home improvements.

Moore, who is 85, suffers from memory loss and dementia.  In 2011, Moore's daughter, Heidi Knightstep, moved in with her father and started assisting him with his properties and financial affairs.  Moore told her that "the person that had moved [into the Property] a while back still hasn't left and has not paid any rent, and [I] can't seem to get him out."  After receiving a formal eviction notice, Knox filed a complaint in pro per alleging adverse possession against Associated Investments.

Moore retained an attorney, who appeared on behalf of both Associated Investments and Moore.  Associated Investments demurred to the complaint based on Knox's failure to allege payment of the property taxes -- a required element of adverse possession.  The trial court sustained the demurrer on that basis, granted leave to amend and denied Knox's motion to strike Associated Investments' pleadings based on lack of standing.  When Knox failed to amend the complaint within the allotted time period, the trial court dismissed the complaint.

Moore filed a cross-complaint against Knox to quiet title to the Property.  Knox did not answer the cross-complaint, and the trial court entered his default.  At the default prove-up hearing, Moore's daughter provided testimony and documentary evidence showing Moore owns the Property through Associated Investments, has paid the property taxes and is entitled to possession.  The trial court permitted Knox to participate in the hearing, but Knox did not ask any questions or offer any testimony or evidence of his own.  He simply stated his intent to appeal.  The trial court granted Moore's request for a default judgment, explaining:  "I've taken the testimony of Miss Knightstep.  She's

2

established that Mr. Moore is the person who owns, through his company or the partnership that was amended, the property . . . . He's entitled to quiet title Judgment . . . ." Knox appeals from the judgment dismissing his complaint and quieting title in Moore's favor. We denied Knox's petition for writ of supersedeas and request for immediate stay.

## DISCUSSION

### *Standard of Review*

When a plaintiff elects not to amend the complaint following the sustaining of a demurrer, we presume "the complaint states as strong a case as is possible [citation]; and the judgment of dismissal must be affirmed if the unamended complaint is objectionable on any ground raised by the demurrer. [Citations.]" (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457.)

On appeal from a default judgment, the defendant may not argue the merits of the case and the default operates as an express admission of well-pleaded factual allegations in the complaint. (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823-824 (*Garber*).) Where, as here, the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents for review only the "questions of jurisdiction, sufficiency of the pleadings and excessive damages . . . ." (*Id.* at p. 824.)

### *The Trial Court Properly Entered Judgment for Respondents*

To prevail on an adverse possession claim, the possessor must prove five elements: (1) actual possession with reasonable notice to the owner, (2) hostile to the owner's title, (3) with a claim of right or title, (4) for five years without interruption and (5) payment of taxes levied and assessed upon the property during that period. (Code Civ. Proc., § 325, subd. (b); *Dimmick v. Dimmick* (1962) 58 Cal.2d 417, 421.) Knox failed to allege the fifth element -- payment of the property taxes.

As he did in the trial court, Knox raises numerous contentions that, even if they had merit, would not revive his claim for adverse possession. Among other things, Knox asserts that Associated Investments lacks standing to appear in the action because

3

the partnership was dissolved in 2006, that he was entitled to an evidentiary hearing on the standing issue, that opposing counsel does not have authority to represent respondents, that Associated Investments was not properly served, and that his due process and equal protection rights have been violated. When Knox pressed these issues in the trial court, the court appropriately responded: "[T]he issue that is a bigger problem right now is the property tax problem. And if I heard you correctly, you just admitted that you haven't paid the property taxes for this piece of property that you're claiming. And that is absolutely necessary in California for you to prevail on an adverse possession claim, period, end of story."

Knox suggests Moore's payment of the property taxes absolved him of that obligation. That is not the law. It is well established the admitted failure to pay the property taxes forecloses any ability to prove adverse possession. (*Tobin v. Steven*s (1988) 204 Cal.App.3d 945, 953 [no adverse possession where claimant conceded he had not paid taxes]; *Philp v. Hobart* (1951) 103 Cal.App.2d 446, 449 [absence of payment is fatal to claim].)

Moreover, Knox cannot allege his possession of the Property is hostile to the owner's title when he claims there is no owner. (See Code Civ. Proc., § 325, subd. (b).) Knox insists that Associated Investments lacks legal capacity to hold title and that Moore failed to perfect his title. A person "who seeks to establish title to property by adverse possession must, of necessity, admit that title to the property resides in the person against whom he makes the claim or else his claim must fail." (*Tobin v. Stevens, supra*, 204 Cal.App.3d at p. 953.) Knox's failure to acknowledge an "owner" further undermines his claim for adverse possession. The trial court properly sustained the demurrer and dismissed the complaint after Knox failed to amend.

In his cross-complaint, Moore alleges that since his wife's death, he "holds the sole title interest in the property in his business name Associated Investments." By failing to answer the cross-complaint, Knox admitted the factual allegations in the cross-complaint and may not argue the merits on appeal. (*Garber, supra,* 150 Cal.App.4th at pp. 823-824.) In any event, the testimony and documentary evidence confirmed that

4

Associated Investments took legal title to the Property through a grant deed, that Moore and his wife were the only partners in that entity at the time of her death, that Moore has paid all property taxes in the name of Associated Investments and that Moore has continued to do business under that name. Knox has not demonstrated that he has any valid claim to the Property or that anyone other than Moore is entitled to possession. The trial court appropriately entered a default judgment on the cross-complaint.

We have reviewed all of Knox's contentions. They are without merit.[1]

DISPOSITION

The judgment is affirmed. Respondents' request for sanctions is denied. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

---

[1] Respondents request that we impose non-monetary sanctions against Knox as a "vexatious litigant" under Code of Civil Procedure section 391. Knox does not meet the statutory definition of a "vexatious litigant," which includes a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person . . . ." (Code Civ. Proc., § 391, subd. (b)(1).) There is no evidence that Knox has participated in any other litigation.

5

Denise de Bellefeuille, Judge

Superior Court County of Santa Barbara

_____

John Michael Knox, in pro. per., for Appellant.

Haws, Record & Magnusson and David W. Magnusson, for Respondents.